No. 3637.

(Court of Appeal, Parish of Orleans.)

# THE NATIONAL AUTOMATIC FIRE ALARM CO. vs. J. G. LIBADIOTE.

Appeal from Civil District Court, Division "D."

G. Fernandez, Sr., and Stafford and Lambert, for Plaintiff and Appellee.

B. B. Howard, for Defendant and Appellant.

Where property is purchased with the stipulation that delivery of the things sold is to be made within a fixed period of time, a tender thereof, after the expiration of the term fixed, imposes no legal obligation on the part of the purchaser to accept delivery of the thing thus tendered.

MOORE, J. Defendant, who was conducting a confectionery in the City of New Orleans, concluded to combine with that business the exhibition of phonographs, and to that end, entered, on the 29th day of October, 1901, into a contract with the plaintiff company, by which the latter was to furnish him with ten Bijou Coin Slot Phonographs and 2 Dozen Edison Records for the sum of $310.00.

These machines are not carried in stock by plaintiff but had to be ordered by the plaintiff from the factory in Orange, New Jersey; but that defendant was assured by plaintiff's representative that the machines would be delivered within nine days thereafter.

Subsequent to this assurance being given, but on the same day, (October 29th) the plaintiff in answer to its wire to the factory placing its order for these machines, received the following message: "Can ship Bijous November 9th. Some sooner. Shall we enter order? Answer." This message was at once communicated to defendant, who, being assured that some of the machines would be delivered within the delay originally stipulated and the

161

others within a reasonable delay necessary for carriage from Orange, New Jersey, to New Orleans, from the 9th of November, consented to these terms of delivery.

Upon the faith of this agreement the defendant began to put his store in proper condition to receive the machines; made public announcement through the press of this attraction, and employed a person to superintend and conduct that department of his business. All this entailed considerable expense. The period stipulated for the delivery of the machines having expired and being unable to get any satisfaction whatever as to when they would arrive, defendant was compelled to abandon the contemplated undertaking, and he at once advised plaintiff that the contract was cancelled.

One month after the date of the contract, and weeks after the period fixed for the delivery, the ten phonographs arrived and were sent by plaintiff to defendant's place of business. This was on the 30th of November. Defendant refused to receive them and they were carried away by plaintiff. Thirteen months thereafter plaintiff sued for the price. Whatever became of the phonographs after they were carried back by the plaintiff from defendant's place of business, is not disclosed, either in the pleadings or by the proof.

The petition does not suggest either willingness or ability on the part of the plaintiff to deliver the property to the defendant in the event of a judgment being rendered in its favor, nor does the judgment appealed from, which was in plaintiff's favor for the amount sued for, recognize defendant as the owner of the property or make its delivery the condition for satisfaction of the judgment. It is not alone in this particular, however, that the judgment is erroneous.

Plaintiff is not entitled to judgment at all, for it is made manifest that it did not live up to the contract so far as it stipulated for the delivery of the phonographs within the period designated.

Defendant was under no obligation to receive them later, and, therefore, was fully justified in not accepting them when tendered. It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby set aside, avoided and reversed, and plaintiff's suit dismissed at its costs in both courts.

March 6th, 1905.

Rehearing refused, April 3rd, 1905.

Application for writ April 8th, 1905.